**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-1302

MARK LANDIN,

      **Plaintiff,**

v.

INTEGRITY FIRE SAFETY SERVICES, LLC,
and ERIC WILLIAMS, an individual,

      **Defendants.**

## COMPLAINT

### INTRODUCTION

1. Plaintiff Mark Landin ("Plaintiff") worked for Defendants as a Senior Estimator for approximately ten months. During this time, he was not properly paid his earned commissions, was not paid overtime wages, and was not paid the entirety of a promised and earned bonus. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Integrity Fire Safety Services, LLC ("Integrity"), and Eric Williams, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

2. Plaintiff also brings unjust enrichment and breach of contract claims to the extent that any of his claims to owed wages and commissions were to fall outside of the FLSA or Colorado Wage Acts ("CWA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion (if not all) of the events giving rise to the instant litigation occurred at in the metro Denver area. The Defendants' office and primary place of business is located at 2695 W 3rd Avenue, Denver, CO 80219.

## PARTIES

**Defendant Integrity Fire Safety Services, LLC**

6. Defendant **Integrity Fire Safety Services, LLC** is a Colorado corporation whose principal place of business is located at 2695 W 3rd Avenue, Denver, Colorado 80219. Its registered agent is listed with the Colorado Department of State as Senn Visciano Canges P.C. with an address of 1700 Lincoln St., Suite 4300, Denver, CO 80203.

7. At all relevant times, Defendant Integrity Fire Safety Services, LLC had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant Integrity Fire Safety Services, LLC was engaged in

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 2

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief Defendant Integrity Fire Safety Services, LLC purchases supplies, equipment and other necessary items to run its services and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant Integrity Fire Safety Services, LLC advertises its business to the entire world on the internet at https://integrityfiresafetyservices.com. Defendant Integrity Fire Safety Services, LLC also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to conduct business and accept and transmit payments.

10. At all times material to this action, Defendant Integrity Fire Safety Services, LLC was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Eric Williams**

11. Defendant Eric Williams, an individual, resides in Colorado.

12. At all times material to this action, Defendant Williams actively participated in the business of the corporation.

13. At all times material to this action, Defendant Williams exercised substantial control over the functions of the company's employees including Plaintiff. For example, he had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

14. Plaintiff's primary supervisor was Defendant Eric Williams, the CEO of the company. Defendant Williams hired him and signed his offer letter.

15. At all times material to this action, Defendant Williams was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and Colorado wage acts.

**Plaintiff Mark Landin**

16. Plaintiff Mark Landin is a resident of Arvada, Colorado.

17. Plaintiff Landin worked for Integrity Fire Safety Services, LLC from November 2018 until September 2019.

18. At all times material to this action, Plaintiff Landin was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

**Factual Background**

*Commissions*

19. Mr. Landin's compensation arrangement was on a salary basis, plus commission.

20. In his offer letter, dated November 18, 2018, Plaintiff's title was Business Development Representative. However, his title soon changed to Senior Estimator, and remained Senior Estimator for the remainder of his employment.

21. As per the terms of his offer letter, Mr. Landin was entitled to receive:

    a. A salary at a rate of $74,880 per year,

    b. Certain specified commissions:

        i. 2% of total Equipment Sales

        ii. 4% of Service and Test/Inspection Sales

        iii. 1 % on Tenant Improvement/Construction Sales

        iv. 1.5% on Service/Special Projects Sales; and

    c. A $12,000 sign-on bonus.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 4

22. A true and accurate copy of the November 18, 2018 offer letter is attached hereto as Exhibit A.

23. The company offers several categories of services, including the following:

    a. "Test and Inspection" refers to Integrity providing annual inspections as required for every facility that has a fire sprinkler or fire alarm system.

    b. "Equipment" (sometimes also called "Materials") refers to sale of materials only without any additional services or labor, such as for electrical companies that want to install fire alarm systems themselves and need to purchase the equipment from a dealer such as Integrity.

    c. "Parts and Smarts" refers to Integrity providing a combination of design, material, and programming of the fire system to these electrical companies that had the ability to do the actual installation themselves.

    d. "Tenant Improvement" refers to reworking an existing fire alarm or fire sprinkler system to fit a new tenant's needs.

    e. "Ground Up" refers to Integrity providing all aspects of fire suppression and sprinkler systems and related infrastructure for new construction including design, material, programming, installation, and inspection.

24. The kind of project determined which of the percentages of commission the Plaintiff would earn.

25. The offer letter states, "All commissions are paid monthly, one month after we begin field labor invoicing for Equipment/Project work (permitted) and after we have performed 100% and invoiced for Test & Inspection and Service work."

26. The above statement in the preceding paragraph is ambiguous.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 5

27. None of the offer letter provisions require customer payment as a precondition of the commission becoming owed.

28. The offer letter states that, "For all commissions and bonuses your employment must be in good standing through the payout date."

29. The above statement in the preceding paragraph is ambiguous.

30. Plaintiff understood "in good standing" to have its ordinary, dictionary meaning, of having not done anything wrong that would bring him out of alignment with the expectations placed upon him, such as forging a sales document or committing embezzlement:

    a. "In compliance. Not subject to penalties or failure to fulfill all requirements." (Black's Law Dictionary, 2d Ed.)

    b. "A person or organization in good standing is regarded as having complied with all their explicit obligations, while not being subject to any form of sanction, suspension or disciplinary censure." (Wikipedia)

    c. "In favour or on good terms with someone." (Oxford).

31. The offer letter did not say, "For all commissions and bonuses to be *earned and owed*, *you must still be employed* a month after payment is received from the customer" or similar.

32. Defendants terminated the Plaintiff's just before a series of payments were to be received.

33. Defendants complimented Plaintiff's work and wrote him a positive letter of reference near the time of his separation.

34. Defendants owe him for all of the commissions he earned based on the sales secured by his efforts.

35. Plaintiff calculates that his commissions were underpaid by approximately $140,000.

36. Defendants admit that they underpaid at least some of his commissions, but calculate the amount owed to be substantially less.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 6

37. In addition, $2,000 of Plaintiff's $12,000 sign-on bonus remains due and owing. This bonus was earned, as the nature of the bonus implies, when he agreed to work for the Defendants. It was fully earned at that time. The Defendants paid it out at a rate of $1,000 a month, but it was already earned.

*Overtime*

38. Defendants did not keep track of Plaintiff's time worked.

39. Plaintiff estimates that generally he worked approximately 48 hours per week.  He typically started work at 7:00A.M. and stopped work between 4:30 and 5:00P.M.  He usually worked 5 days per week.

40. Plaintiff Landin was not paid anything extra for the hours over 40 he worked per week.

41. Plaintiff was not subject to any exemptions from overtime pay.

42. Thus, Plaintiff Landin was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

43. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

44. Defendants failed to compensate Plaintiff employees at a rate of one- and one-half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 7

*Record-Keeping Failures*

45. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and other similarly situated employees, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

46. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

47. At all relevant times, Defendants knew of the FLSA's requirements regarding overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

48. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

49. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action: COLORADO WAGE ACT VIOLATIONS

50. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

51. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 8

52. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Wages*
**(Violation of the C.R.S. § 8-6-101 *et seq.*; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

53. The Defendants failed to pay Plaintiff for all of the commissions he was owed, as described above.

54. This constitutes a failure to pay wages.

### *Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

55. Plaintiff, through counsel, sent the Defendants a "wage demand" letter dated November 19, 2019. In that, he demanded that Defendants pay him the wages and compensation he had earned but had not yet been paid.

56. Defendants did not tender payment for his wages within 14 days of receipt of this letter.

57. Therefore, Defendants are liable to Plaintiff for statutory penalties in the amount of 125% the first $7,500 owed, plus 50% of the remainder; plus, another 50% of the owed wages if the violation is found to have been willful.

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

58. Plaintiff work more than 40 hours at least some workweeks.

59. Defendants do not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

60. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

61. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 9

wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

62. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

63. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

64. Plaintiff has been separated from employment with Defendants.

65. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

66. Specifically, he should have been paid both commissions and overtime pay that he was not.

### *Improper Deductions*
**(Violation of the C.R.S. § 8-4-105)**

67. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

68. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. **daily record of all hours worked**

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 10

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

*Damages*

69. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
### BREACH OF CONTRACT/UNJUST ENRICHMENT

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

71. Plaintiff and Defendants had an employment contract.

72. Plaintiff's Offer Letter attached hereto as Exhibit A formed a contract with Defendant Integrity.

73. Amongst other terms, Plaintiff agreed to perform certain functions for Defendants, in exchange for certain compensation.

74. Specifically, Defendants agreed to pay Plaintiff a salary plus certain commissions.

75. By failing to pay Plaintiff these amounts Defendants breached their contract of employment with Plaintiff.

76. In the alternative, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff. Plaintiff performed work for which he reasonably expected

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 11

to be compensated according to the terms of the agreement. Rather than pay him the amounts he was owed, Defendants instead chose to separate him from his employment and point to ambiguous language in the contract they had drafted that they claimed stood for the proposition that the Plaintiff was not entitled to the specified moneys unless he remained employed through a certain future date. Plaintiff disputes that Defendants' read of the language is accurate; however, even if it were, but for the Defendants' action of terminating the Plaintiff's employment, Plaintiff would have been entitled to receive the commissions in dispute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B) Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiff statutory penalties as provided for by Colorado law; and

(D) Award Plaintiff interest; and

(E) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F) Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Landin v. Integrity Fire Safety Services, LLC*
USDC, District of Colorado

Complaint
Page 12

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

Respectfully submitted, this **8th** day of **May, 2020.**

AndersonDodson, P.C.

s/ Penn Dodson
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax

Attorneys for Plaintiffs